**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **(1) JEAN DICKINSON,** ) | |
| **(2) MELISSA CROCKETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **COMPLAINT** |
| ) | **(Unlawful Debt Collection Practices)** |
| **(1) TRANSWORLD SYSTEMS, INC.,** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**COMPLAINT**

NOW COMES Plaintiffs, Jean Dickinson and Melissa Crockett, and for a Complaint against Defendant, Transworld Systems, Inc. ("Transworld"), allege as follows:

**<u>INTRODUCTION</u>**

1.      Plaintiffs state a claim against Transworld Systems, Inc. for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2.      Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b)  **Inadequacy of laws**

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3.    Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4.    Defendant conducts business in the state of Louisiana; therefore, personal jurisdiction is established.

5.    Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## STANDING

6.    Plaintiffs have suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

7.     Specifically, Plaintiffs suffered a concrete injury to reputation as a result of Defendant's communication of false information to third parties in connection with its attempt to collect an alleged debt from Plaintiffs.

**PARTIES**

8.     Plaintiff Melissa Crockett is a natural person who resides in Baton Rouge, Parish of East Baton Rouge, Louisiana, and Plaintiff Jean Dickinson is a natural person who resides in Covington, Parish of St. Tammany, Louisiana.

9.     Plaintiffs are consumers as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiffs allegedly owe a debt as that term is defined by 15 U.S.C. 1692a(5).

10.     Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

11.     Plaintiffs are informed and believe, and thereon allege, that Defendant is a corporation chartered under California law with principal offices at 507 Prudential Road, Horsham, Pennsylvania 19044. It conducts business in Louisiana. The NCSLT is not registered to do business in Louisiana.

12.     Defendant Transworld Systems, Inc is a collections agency. It seeks to collect on defaulted consumer debts that were originally owed to others, using the mail, telephone and electronic wire services to do so, all in the general course of trade and commerce.

13.     Transworld holds a collection agency license in several states.

14.     Among the debts that Transworld collects are private student loans allegedly owed to a large number of "National Collegiate Trust" entities.

15.     The "National Collegiate Trusts" claim to be Delaware statutory trusts.

16.     The "National Collegiate Trusts" have no employees.

17.     The "National Collegiate Trusts" do have a corporate trustee.

18.     All acts at issue in this matter that were performed by or on behalf of the "National Collegiate Trusts" were actually performed by Transworld, or attorneys employed by Transworld.

19.     Transworld claimed to be servicing agent of the "National Collegiate Trusts."

20.     On information and belief, Transworld claimed to be a servicing agent of the "National Collegiate Student Loan Trusts."

21.     In 2017, the Consumer Financial Protection Bureau took action against the National Collegiate Student Loan Trusts and their debt collector, Defendant Transworld Systems, Inc., for illegal student loan debt collection lawsuits. *See In the Matter of: Transworld Systems, Inc.*, Administrative Proceeding File 2017-CFPB-0018. The Administrative Proceeding alleged that consumers were sued for private student loan debt that the companies couldn't prove was owed or was too old to sue over and that these lawsuits relied on the filing of false or misleading legal documents.

22.     On September 18, 2017, Defendant, Transworld Systems, Inc., entered into a Consent Order with the Consumer Financial Protection Bureau regarding the Administrative Proceeding where Defendant agreed, *inter alia*, to:

   a.   Stop attempting to collect, reporting negative credit information, and suing consumers for debt without proper documentation;

   b.   Stop filing false or improperly notarized legal documents; and

   c.   Pay a $2.5 million civil money penalty.

## FACTUAL ALLEGATIONS

23.     On or around August 2019, Plaintiff Jean Dickinson received several documents in the mail via U.S. Postal Service of what appeared to be multiple lawsuits filed by National

Collegiate Student Loan Trust ("NCSLT") against Plaintiff Melissa Crockett and Plaintiff Jean Dickinson.

24.     On August 8, 2019, Plaintiff Melissa Crockett checked her personal credit report and noticed a debt being reported by Defendant Transworld Systems, Inc., for purported debts: (*i*) $21,886, (*ii*) $12,646, and (*iii*) $9,117.97 each owed to NCSLT.

25.     Upon information and belief, Defendant Transworld directs debt collection litigation to collect student loans purportedly assigned to NCSLT.

26.     On August 9, 2019 Plaintiff Melissa Crockett was served with two separate summons from NCSLT regarding lawsuits: (*i*) Case No. 686028-25, National Collegiate Student Loan Trust 2007-3 v. Melissa D. Crockett, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, filed on July 31, 2019 (the "State Court Action No. 1") and (*ii*) Case No. 686033-21/D, National Collegiate Student Loan Trust 2007-2 v. Melissa D. Crockett, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, filed on July 31, 2019 (the "State Court Action No. 2").

27.     State Court Action No. 1 sought a judgment for an outstanding balance of $19,031.29, interest of $2,690.76 (totaling $21,722.05), and all costs of the proceedings. See Exhibit No. 1, National Collegiate Student Loan Trust 2007-3 v. Melissa D. Crockett.

28.     State Court Action No. 2 sought a judgment for an outstanding balance of $11,008.05, interest of $1,543.10 (totaling $12,551.15), and all costs of the proceedings. See Exhibit No. 2, National Collegiate Student Loan Trust 2007-2 v. Melissa D. Crockett.

29.      State Court Action No. 2 falsely included Plaintiff Jean Dickinson as a named defendant on the header of multiple pages of the lawsuit. See Exhibit No. 2. However, Plaintiff Jean Dickinson was not properly served with a summons nor an actual party in State Court Action

No. 2. in violation of 15 U.S.C. § 1692e and § 1692e(10). Defendant made this misrepresentation and false inclusions to confuse and harass Plaintiffs.

30.    On August 12, 2019, Plaintiff Melissa Crockett called Defendant to discuss the alleged debts. During this call with Defendant's employees "Sheila" and "Meesha Davis", Defendant's representatives both told Plaintiff that the call was being recorded, a false statement, in violation of 15 U.S.C. § 1692e and § 1692e(10).  Defendant made the false statements to intimidate Plaintiff Melissa Crockett.

31.     During the August 12, 2019 call, Defendant discussed the purport debts, but failed to disclose to Plaintiff Melissa Crockett that the communication was with a debt collector, in violation of 15 U.S.C. § 1692e(11).

32.    Also, during the August 12, 2019 call, Plaintiff Melissa Crockett disputed the alleged debts and informed Defendant that each of the balances were incorrect.

33.    Upon service of summons, Plaintiff Melissa Crockett engaged legal counsel, incurring attorney fees, that filed the required multiple answers, incurring multiple court costs, on behalf of Melissa Crockett on August 23, 2019 as required by the multiple and separate suits, and then later served separate discovery requests in each of the State Court Actions.

34.    On August 13, 2019, The Defendants filed a third and separate lawsuit against Ms. Crockett on the Student Loan and sought a judgment for an outstanding balance of $8,660.84, interest of $457.13 (totaling $9,117.97), and costs of the proceedings. See Exhibit No. 3, National Collegiate Student Loan Trust 2006-4 v. Melissa D. Crockett, Case No. 686648-21/D, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, Civil Division (the "State Court Action No. 3"). However, Plaintiff would not serve Plaintiff Melissa Crockett until February 14, 2020, six months after filing State Court Action No. 3.

35.     Upon service of summons of State Court Action No. 3, Plaintiff again engaged legal counsel, incurring additional attorney fees, that timely filed the required additional and separate answer, further incurring a third set of court costs, on behalf of Melissa Crockett on February 28, 2020 as required by the multiple and separate suits, and then later served a third set of discovery requests for State Court Action No. 3.

36.     On August 23, 2019, counsel for Plaintiffs transmitted a facsimile correspondence to counsel for Defendant Transworld and NCSLT notifying Defendant Transworld that he represented Plaintiff with respect to each of the debts identified in each of the State Court Actions, and that Defendant disputed each of the alleged debt as the very first line in each filed answer unequivocally reads "Defendant disputes the alleged debt".

37.     However, on August 25, 2019, Defendant reported the alleged debts to Plaintiff's credit reports, but failed to communicate that the debt was disputed by the consumer Plaintiff.

38.     Further, on August 25, 2019, Defendant misrepresented the balances on Plaintiff's credit reports for each purported debt as (*i*) $22,241, (*ii*) $12,285, and (*iii*) $9,320, respectively, adding additional fees without obtaining judgment from any of the State Court Actions in violation of 15 U.S.C. § 1692e and § 1692e(10).

39.     As of September 12, 2019, Defendant was still reporting the alleged debts to Plaintiff's credit reports, but still failed to communicate that the purported debts were disputed by the consumer Plaintiff.

40.     Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

41.     Defendants materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

42.     A debt reported without dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

43.     15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

44.     On August 12, 2019, August 25, 2019, and September 12, 2019, Defendant knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had previously notified Defendant of that dispute.

45.     Even though Defendant knew or should have known, by or prior to August 12, 2019, August 25, 2019, and September 12, 2019 that Plaintiff Melissa Crockett disputed owing the alleged debt, Defendant failed to thereafter communicate the fact of Plaintiff Melissa Crockett's dispute to the credit reporting agencies to which Defendant communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

46.     Plaintiffs have suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions.

COMPLAINT                                                          8

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

47.    Defendant violated §1692e(8) of the FDCPA by failing to communicate that a disputed debt is disputed to Plaintiff Melissa Crockett's credit reporting bureaus.

48.    Defendant violated §1692e and e(10) of the FDCPA by telling Plaintiff Melissa Crockett that it was recording the conversation on December 5, 2019, when it was not in fact making any actual audio recording of the conversation.

49.    Defendant violated §1692e(11) of the FDCPA by failing to disclose in communications with Plaintiff Melissa Crockett on December 5, 2019, that the communication was from a debt collector.

50.    Defendant violated §1692e and e(10) of the FDCPA by misrepresenting to and harassing Plaintiff Jean Dickinson to believe that Plaintiff Jean Dickinson was a named party in pending lawsuits.


**WHEREFORE**, Plaintiff Melissa Crockett and Plaintiff Jean Dickinson, respectfully pray that judgment be entered against Defendant Transworld Systems, Inc. for the following:

a)    Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b)    Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c)    Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

d)      Any other relief that this court deems to be just and proper.


Respectfully submitted,


/s/ Niko Imbraguglio
Niko Imbraguglio, LSBA #37392

PARAMOUNTLAW
CONSUMER PROTECTION FIRM

3014 Dauphine St, Ste A #26107
New Orleans, LA 70117
(504) 321-8383 voice
(918) 895-9774 fax
6477@paramount-law.net